IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **RAYNARD WILLIAMS**   ) | CR #:  2:11-37 |
| ) | |
| ) | |
| vs.                    ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA**  ) | |
| ) | |

## BACKGROUND

On January 12, 2011, a one-count Indictment was filed, charging petitioner ("Williams") with distribution of a quantity of crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C). Williams pled guilty to the Indictment on May 4, 2011. On October 12, 2011, he was sentenced to a term of 188 months imprisonment.

Williams timely filed a notice of appeal and his appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on December 6, 2011. The Fourth Circuit Court of Appeals affirmed his sentence on April 2, 2012. Williams filed the instant motion on September 12, 2012.

## CLAIMS

Williams asks the court to vacate his conviction and grant him a new trial because his counsel, AFPD Ann Walsh, was ineffective for failing to request a competency hearing.

## ANALYSIS

In order to prevail on a claim of ineffective assistance of counsel, Williams bears the burden of showing that (1) counsel's performance fell below an objective professional standard of reasonableness; and (2) that counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668, 687-92 (1984). When evaluating counsel's

performance under the first prong of the *Strickland* test, this court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 680.  Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ...." *Id*. at 689.  *See also*, *Matthews v. Evatt*, 105 F.3d 907, 918-21 (4th Cir. 1997); *Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir.), *cert. denied*, 474 U.S. 865 (9185); and *Hutchins v. Garrison*, 724 F.2d 1425, 1430, 1431 (4th Cir. 1983), *cert. denied*, 464 U.S. 1065 (1984).  As the *Strickland* court observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was reasonable . . . [E]very effort [must] be made to eliminate the distorting effects of hindsight . . .
> *Id*. at 689.

In order to prevail on the second prong of *Strickland*, Williams "must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.  Both the Supreme Court and the Fourth Circuit have held that defendant bears the burden of proving prejudice, *Fields*, 956 F.2d at 1297, and if a defendant cannot meet this burden, then the performance prong of *Strickland* need not be considered.  *Id*. at 1297.  *See also*, *Strickland*, 466 U.S. at 697, and *Hutchins*, 724 F.2d at 1430-1431.

Additionally, an ineffective assistance claim must fail if it is merely a general and conclusory allegation.  *See Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v.*

*Washington*, 466 U.S. 668, 690, 694 (1984); *Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence).

In the instant case, Williams claims that Ms. Walsh was ineffective for failing to ask for a competency hearing. He also claims he was unaware that he was facing enhanced penalties at the time he pled guilty. Ms. Walsh has made it clear in her Affidavit that Williams was well aware of what he was facing. Ms. Walsh states that she went over the applicable guidelines with petitioner on multiple occasions. She also went over the §851 enhancement filed by the Government with Williams before he pled guilty, reminding him that the guidelines would be based on an §851 enhancement. At his guilty plea, Williams acknowledged that he had reviewed the enhancement filed by the Government. Therefore, Williams' claim regarding lack of understanding what he was facing at sentencing fails.

Williams' claim that counsel was ineffective for failing to request a competency hearing also fails. It is clear from both the record and counsel's affidavit that Ms. Walsh, an excellent lawyer with over 20 years of experience as an Assistant Federal Public Defender, adequately investigated Williams' mental health history and concluded that a motion regarding his competency was not necessary. Counsel subpoenaed Williams' mental health records and filed a sentencing memorandum asking that the court vary from the guidelines because of Williams' mental health history. Williams was actively involved in his case through its entirety and gave Ms. Walsh no indication that he failed to comprehend the nature of the charges against him or what penalties he was facing[1]. The court finds that Ms. Walsh

---

[1] Williams acknowledged that he understood the charge against him and the maximum possible penalties in his Rule 11 plea colloquy with the court.

acted properly in not asking for a competency hearing.  Further, there is no evidence that Williams was incompetent at the time he pled guilty or at the time he was videotaped selling crack cocaine to an undercover informant.

**THEREFORE**, the Government's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED.**

_____
David C. Norton
United States District Judge

January 24, 2013
Charleston, South Carolina